JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

MARYBELLE FAYAD

## DEFENDANTS

CITY OF PHILADELPHIA

**(b)** County of Residence of First Listed Plaintiff __Philadelphia__
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant __Philadelphia__
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Mary Kramer; Murphy Law Group, LLC; 1628 John F. Kennedy Blvd., Ste. 2000, Philadelphia, PA 19103; 267-273-1054

Attorneys *(If Known)*
Nicole S. Morris, Chief Deputy City Solicitor, Labor & Employment Unit, City of Philadelphia Law Department, 1515 Arch Street, 15th fl. Philadelphia, PA 19102;

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☒ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. § 201, et seq. and 43 P.S. § 333.100, et seq.

Brief description of cause:
FAILURE TO PAY OVERTIME COMPENSATION

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
Jan 4, 2023

SIGNATURE OF ATTORNEY OF RECORD
/s/ Mary Kramer

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 1416 N. 27th Street, Philadelphia, PA 19121 _____

Address of Defendant: _____ 1234 Market Street, Philadelphia, PA 19107 _____

Place of Accident, Incident or Transaction: _____ 3 S Penn Square, Philadelphia, PA 19107 _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? — Yes ☐ No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? — Yes ☐ No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? — Yes ☐ No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? — Yes ☐ No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 01/04/2023    *Mary Kramer*    324078

*Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☑ 11. All other Federal Question Cases
   *(Please specify):* _____ Fair Labor Standards Act _____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**

*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Mary Kramer _____, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 01/04/2023    *Mary Kramer*    324078

*Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
-------------------------------------------------------------
MARYBELLE FAYAD, on behalf of herself and   :       NO.: _____
all others similarly situated,              :
1416 N. 27th Street                         :
Philadelphia, PA 19121                      :       JURY TRIAL DEMANDED
                                            :
                  Plaintiff,                :
                                            :
            v.                              :
                                            :
CITY OF PHILADELPHIA                        :
1234 Market Street                          :
Philadelphia, PA 19107                      :
                                            :
                  Defendant.                :
-------------------------------------------------------------
```

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff, Marybelle Fayad ("Plaintiff"), hereby brings this action against Defendant, City of Philadelphia ("Defendant"), and alleges, upon personal belief as to her own acts, and upon information and belief as to the acts of others, as follows:

## NATURE OF THE ACTION

1.      Plaintiff brings this complaint contending that Defendant unlawfully failed to pay her and other similarly situated individuals employed in the position of Paralegal, or in positions with similar job duties ("Class Plaintiffs"), overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.100, et seq.

2.      Plaintiff is a current employee of Defendant and is currently employed in the position of Paralegal. Plaintiff and Class Plaintiffs regularly work more than forty (40) hours per week but are not properly compensated for their work in that Plaintiff and Class Plaintiffs are not

1

paid an overtime premium at 1.5 times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek. In this regard, Plaintiff contends that Defendant unlawfully misclassified her and Class Plaintiffs as exempt employees under the FLSA and PMWA and failed to accurately track and pay them for all hours worked.  Accordingly, Plaintiff contends that she and Class Plaintiffs are owed unpaid wages and overtime compensation, which were denied them as a result of Defendant's unlawful pay practices.

3.      Plaintiff brings this action as a representative action under the FLSA and PMWA for monetary damages and penalties, to seek redress for Defendant's willful, unlawful, and improper conduct.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

5.      This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

6.      This Court has supplemental jurisdiction over Plaintiffs' state law claims because those claims arise out of the same nucleus of operative fact as Plaintiffs' FLSA claims.

7.      The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the parties reside in this judicial district, doing business therein, and the unlawful practices of which Plaintiff is complaining were committed in the Commonwealth of Pennsylvania and this judicial district

## PARTIES

8.      Plaintiff, Marybelle Fayad, currently resides at 1416 N. 27th Street, Philadelphia, PA 19121.

9.      Defendant, City of Philadelphia, maintains a principal place of business located at 1234 Market Street, Philadelphia, PA 19107.

10.     Defendant is a "public employer" and covered by the FLSA and PMWA

11.     Plaintiff is a current employee of Defendant who was employed by Defendant during all relevant times hereto and, as such, is an employee entitled to the protections of the FLSA and PMWA.

12.     At all times relevant hereto, Defendant acted or failed to act through its agents, servants and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendant.

## FLSA COLLECTIVE ACTION ALLEGATIONS

13.     Paragraphs 1 through 12 are hereby incorporated by reference as though the same were fully set forth at length herein.

14.     This action is brought as a collective action to recover unpaid compensation and overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, and damages owed to Plaintiff, and all similarly situated current and former employees of Defendant.

15.     Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiff brings this action individually and on behalf of all other similarly situated persons presently or formerly employed by Defendant in the position of Paralegal within the Philadelphia District Attorney's (D.A.) Office, or in positions with substantially similar job duties, who worked for Defendant at any point in the past three (3) years who were denied overtime compensation at their regular rate of pay for all hours

worked over forty (40) in a workweek due to their misclassification as "exempt" under the FLSA and who were paid on a salary basis ("Class Plaintiffs").

16.     Plaintiff estimates that there are approximately forty (40) other similarly situated Paralegals who either are working or have worked for Defendant and were unlawfully denied overtime compensation at 1.5 times their "regular rate" of pay for hours worked in excess of forty (40) in a workweek as a result of the unlawful practices described above. The precise number of employees can easily be ascertained by Defendant. These employees can be identified and located using Defendant's payroll and personnel records. Class Plaintiffs may be informed of the pendency of this collective action by direct mail and/or publication.

17.     Pursuant to 29 U.S.C. § 216(b), this action is properly maintained as a collective action because the Class Plaintiffs are similarly situated. Plaintiff and Class Plaintiffs were similarly denied overtime compensation at their regular rate of pay as a result of Defendant's misclassification of them as exempt employees, had the same or similar job classifications and job duties, and were subject to the same uniform policies, business practices, payroll practices, and operating procedures. Further, Defendant's willful policies and practices, which are discussed more fully in this Collective and Class Action Complaint, whereby Defendant has failed to pay Class Plaintiffs an overtime premium based on 1.5 times their "regular rate" for all hours worked over forty (40) hours in a workweek, have impacted Class Plaintiffs in the same fashion.

18.     Plaintiff will request the Court to authorize notice to all current and former similarly situated employees employed by Defendant, informing them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid compensation, overtime compensation, and liquidated damages under the FLSA.

## OVERTIME CLASS ACTION ALLEGATIONS

19.     Paragraphs 1 through 18 are hereby incorporated by reference as though the same were fully set forth at length herein.

20.     Plaintiff brings this action individually, and on behalf of the following class of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All persons presently or formerly by Defendant in the position of Paralegal within the Philadelphia District Attorney's (D.A.) Office, or in positions with substantially similar job duties, who worked for Defendant at any point in the past three (3) years who were denied overtime compensation at their regular rate of pay for all hours worked over forty (40) in a workweek due to their misclassification as "exempt" under the FLSA and who were paid on a salary basis ("Class Plaintiffs").

21.     The members of the class are so numerous that joinder of all members is impractical. Class members may be informed of the pendency of this Class Action by direct mail.

22.     Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are questions of law and fact common to the Class, including, but not limited to:

A.     Whether Plaintiff and the Class are entitled to overtime compensation for services rendered in excess of forty (40) hours per week under the PMWA;

B.     Whether Defendant improperly classified Plaintiff and the Class as exempt employees under the PMWA;

C.     Whether Defendant failed to accurately track and maintain records of the hours worked by Plaintiff and the Class;

D.     Whether Plaintiff and the Class worked in excess of forty (40) hours per week; and

E.     Whether Plaintiff and the Class have suffered and are entitled to damages, and if so, in what amount; and

23.     Plaintiff's claims are typical of the claims of the Class Members.  Plaintiff is a current employee of Defendant employed in the position of Paralegal who has suffered similar

injuries as those suffered by the Class members as a result of Defendant's failure to pay wages and overtime compensation. Defendant's conduct of violating the PMWA has affected Plaintiff and the Class in the exact same way.

24.    Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff is similarly situated to the Class and has no conflict with the Class members.

25.    Plaintiff is committed to pursuing this action and has retained competent counsel experienced in class action litigation.

26.    Pursuant to Rules 23(b)(1), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, this action is properly maintained as a class action because:

A.    The prosecution of separate actions by or against individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant;

B.    Defendant, by failing to pay overtime compensation when it became due and owing in violation of the PMWA, has acted or refused to act on grounds generally applicable to the Class, thereby making equitable relief appropriate with respect to the Class as a whole; and

C.    The common questions of law and fact set forth above applicable to the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this case, especially with respect to considerations of consistency, economy, efficiency, fairness and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

27.    A class action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impractical. Class action treatment will allow a large number of similarly situated persons to prosecute their common

claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually. Additionally, as the damages suffered by each Class member may be relatively small, the expenses and burden of individual litigation would make it difficult for the Class members to bring individual claims. The presentation of separate actions by individual Class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of each member of the Class to protect his or her interests.

## **FACTUAL BACKGROUND**

28.     Paragraphs 1 through 27 are hereby incorporated by reference as though the same were fully set forth at length herein.

29.     Plaintiff began her employment with Defendant on or around January 2, 2019, when she was hired into the position of Paralegal in the Philadelphia D.A.'s Diversion Unit.

30.     On or around July 19, 2021, Plaintiff was internally transferred to the Philadelphia D.A.'s Conviction Integrity Unit.

31.     At all times relevant hereto, Defendant considered Paralegals to be "exempt" employees within the meaning of the FLSA and PMWA's overtime requirements.

32.     In fact, in a recent job posting for the Paralegal position, Defendant writes, "Paralegals are exempt employees with the City of Philadelphia." See Paralegal Job Description from www.phillyda.org/careers/ attached as Exhibit A.

33.     In their capacities as Paralegals, Plaintiff and Class Plaintiffs' primary job responsibilities include providing trial support to prosecutors, assisting with case preparation, communicating with victims and witnesses, compiling statistics, maintaining records and files,

conducting legal research, performing document review and production, and helping to coordinate with outside agencies.

34.     Plaintiff and Class Plaintiffs provide the aforementioned services on a schedule determined by their supervisors within the Philadelphia D.A.'s office, with a typical scheduled workday starting at 8:30 A.M. and ending at 5:00 P.M., with a one-hour unpaid lunch break.

35.     Despite Defendant classifying Plaintiff and Class Plaintiffs as exempt employees, Defendant still required Plaintiff and Class Plaintiffs to submit timecards to their supervisors for approval on a semi-monthly basis.

36.     In the event Plaintiff and Class Plaintiffs need to miss as little as a partial day of work, that time needs to be entered on their timecards as personal time off.

37.     Pursuant to Defendant's policies and practices, Plaintiff and Class Plaintiffs, as "salaried" employees of Defendant, are/were subject to deductions from their PTO and/or pay for absences lasting less than a full working day.

38.     Upon information and belief, in the event that Plaintiff and Class Plaintiffs do not/did not have sufficient PTO to cover the time deducted, it is Defendant's policy and practice to deduct that time from their pay.

39.     The pay deduction policy utilized by Defendant constitutes a "clear and particularized policy," which effectively communicates that deductions will be made in specific circumstances disallowed under the FLSA and PMWA, including for absences lasting less than one full day.

40.     An employer is not entitled to claim any exemption under the FLSA or PMWA requiring the payment of compensation on a salary basis if said employer has an "actual practice" of making improper deductions from salary.

41.    In addition to maintaining the "clear and particularized policy" of unlawful deductions described above, upon information and belief, Defendant did in fact make deductions from Plaintiff's and Class Plaintiff's pay.

42.    As a result of Defendant's actual practice of making unlawful pay deductions under the FLSA and PMWA, Plaintiff and Class Plaintiffs are not/were not compensated on a bona fide salary basis.

43.    Rather, Plaintiff and Class Plaintiffs are treated as salaried employees only when doing so favored Defendant (i.e., when working full shifts without partial day absences) and were otherwise effectively treated as an hourly employee.

44.    To complete the job responsibility of "providing trial support to prosecutors," Plaintiff and Class Plaintiffs need to be available at the request of their supervisors.

45.    When Plaintiff worked in the Diversion Unit, she would routinely work sixty (60) to seventy (70) hours per week to assist her supervisor, one of Defendant's Assistant District Attorneys ("A.D.A."), in preparing for court.

46.    Upon information and belief, Class Plaintiffs have worked, or continue to work, more than forty (40) hours per week to assist the A.D.A.s in preparing for trials and/or court.

47.    Plaintiff and, upon information and belief, Class Plaintiffs consistently worked before their 8:30 A.M. start time Mondays through Fridays and later than their 5:00 P.M. end time.

48.    Plaintiff and, upon information and belief, Class Plaintiffs frequently worked through their one-hour lunch break.

49.    Plaintiff and, upon information and belief, Class Plaintiffs often worked on Saturdays and/or Sundays.

50.     By way of example, during the workweek of October 10, 2020 to October 17, 2020, Plaintiff worked at least forty-four (44) hours and did not receive any overtime compensation.

51.     During the workweek of October 25, 2020 to October 31, 2020, Plaintiff worked at least fifty-three and one half (53.5) hours and did not receive any overtime compensation.

52.     During the workweek of March 7, 2021 to March 13, 2021, Plaintiff worked at least sixty-six (66) hours and did not receive any overtime compensation.

53.     Despite regularly working over forty (40) hours per week, Plaintiff and Class Plaintiffs do not/did not receive overtime compensation for the hours they worked over forty (40) in a workweek.

54.     Plaintiff and Class Plaintiffs do not have the authority to formulate, implement, or otherwise deviate from Defendant's pre-established policies or operating practices, but instead must perform their job duties subject to specific instructions and/or guidelines provided by Defendant and/or their supervising attorney(s).

55.     Plaintiff and Class Plaintiffs' decision-making authority and/or discretion is severely curtailed by the legal nature of the documents whose preparation and submission Plaintiff and Class Plaintiffs' assist with, which, in accordance with the obligation of Defendant's D.A.'s Office to avoid aiding in the unauthorized practice of law, required Plaintiff and Class Plaintiffs' supervising attorney(s) to provide specific instructions, guidance, and review even with respect to routine assignments.

56.     As such, Plaintiff and Class Plaintiffs' primary job duties do not include the performance of work requiring advance knowledge and the consistent exercise of discretion and judgment.

57.     Moreover, Plaintiff and Class Plaintiffs' do not have the authority to commit Defendant in matters having significant financial impact, nor do they have the authority to negotiate or otherwise bind Defendant with respect to matters of significance.

58.     Additionally, Defendant does not require its paralegals to have an advanced degree, as seen on Exhibit A. Accordingly, Plaintiff and Class Plaintiffs' do not qualify for the exemptions from overtime for professional or administrative employees under the FLSA/PMWA.

59.     There are no other exemptions under the FLSA and/or PMWA that could arguably be applicable to Plaintiff or Class Plaintiffs.

60.     Despite the fact that Plaintiff and, upon information and belief, Class Plaintiffs routinely work significantly in excess of forty (40) hours per week, Plaintiff and Class Plaintiffs do not receive any compensation and/or overtime compensation for work performed in excess of forty (40) hours per week. Rather, Plaintiff and Class Plaintiffs are paid only a semi-monthly salary regardless of the number of hours they actually work.

61.     Defendant classifies Plaintiff and Class Plaintiffs as "exempt" under the FLSA and PMWA, and therefore determined that Plaintiff and Class Plaintiffs are not entitled to overtime compensation.

62.     Defendant unlawfully misclassified Plaintiff and Class Plaintiffs as "exempt."

63.     Plaintiff and Class Plaintiffs are not exempt from receiving overtime compensation.

64.     Plaintiff and Class Plaintiffs are, within the meaning of the FLSA and PMWA, non-exempt employees of Defendant.

65.     Defendant failed, and continues to fail, to pay Plaintiff and Class Plaintiffs at a rate of 1.5 times their regular rate of pay for each hour they work in excess of forty (40) hours in a work week.

66.     As a result of Defendant's aforesaid illegal actions, Plaintiff and Class Plaintiffs have suffered damages.

### COUNT I
### FAIR LABOR STANDARDS ACT
### 29 U.S.C. § 201, *et seq.*
### FAILURE TO PAY OVERTIME COMPENSATION

67.     Paragraphs 1 through 66 are hereby incorporated by reference as though the same were fully set forth at length herein.

68.     Pursuant to Section 206(b) of the FLSA, employees must be compensated for every hour worked in a workweek.

69.     Moreover, under Section 207(a)(1) of the FLSA, employees must be paid overtime equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

70.     According to the policies and practices of Defendant, Plaintiff and Class Plaintiffs worked in excess of forty (40) hours per week. Despite working in excess of 40 hours per week, Plaintiff and Class Plaintiffs were denied overtime compensation for compensable work performed in excess of 40 hours per week in violation of the FLSA.

71.     As a result, Defendant failed to pay Plaintiff and Class Plaintiffs overtime compensation for all hours worked over forty (40) in a workweek at 1.5 times their regular rate of pay.

72.     The foregoing actions of Defendant and the policies and practices of Defendant violate the FLSA.

73.     Defendant's actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

74.    Defendant is liable to Plaintiff and Class Plaintiffs for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

**WHEREFORE**, Plaintiff prays for the following relief on behalf of herself and Class Plaintiffs:

A.    An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.    An Order from the Court ordering Defendant to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all persons presently or formerly employed by Defendant in the position of Paralegal, within the <u>Philadelphia District Attorney's (D.A.) Office</u>, or in positions with substantially similar job duties, who worked for Defendant at any point in the past three (3) years who were paid on a salary basis and denied overtime compensation at their regular rate of pay for all hour worked over forty (40) in a workweek, and authorizing Plaintiff's counsel to issue a notice at the earliest possible time to these individuals informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked for Defendant during the liability period, but were not paid overtime compensation at 1.5 times their regular rate of pay as required by the FLSA;

C.    Adjudicating and declaring that Defendant's conduct as set forth herein and above is in violation of the FLSA;

D.    Adjudicating and declaring that Defendant violated the FLSA by failing to pay overtime compensation to Plaintiff and Class Plaintiffs for work performed in excess of forty (40) hours per week;

E.      Awarding Plaintiff and Class Plaintiffs unpaid overtime compensation in an amount consistent with the FLSA;

F.      Awarding Plaintiff and Class Plaintiffs liquidated damages in accordance with the FLSA;

G.      Awarding Plaintiff reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

H.      Awarding pre- and post-judgment interest and court costs further allowed by law;

I.      Granting Plaintiff and the Class Plaintiffs leave to add additional Plaintiffs by motion, the filing of written opt-in consent forms, or any other method approved by the Court; and

J.      For all additional general and equitable relief to which Plaintiff and the Class Plaintiffs may be entitled.

**COUNT II**
**PENNSYLVANIA MINIMUM WAGE ACT OF 1968**
**43 P.S. § 333, *et seq.***
**FAILURE TO PAY OVERTIME COMPENSATION**

75.     Paragraphs 1 through 74 are hereby incorporated by reference as though the same were fully set forth at length herein.

76.     The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to its employees.  See 43 P.S. § 333.113.

77.     The Pennsylvania Minimum Wage Act further provides that "employees shall be paid for overtime not less than one- and one-half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek.  See 43 P.S. § 333.113.

78.     By its actions alleged above, Defendant has violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation and for failing to properly pay Plaintiff and Class Plaintiffs for all hours worked.

79.     As a result of Defendant's unlawful acts, Plaintiff and Class Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, together with interest, costs and attorney's fees pursuant to Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, Plaintiff, on behalf of herself and the Class Plaintiffs, prays for judgment against Defendant as follows:

A.     An Order certifying this case as a class action and designating Plaintiff as the representative for the Class and her counsel as class counsel;

B.     An award to Plaintiff and Class Plaintiffs for the amount of unpaid overtime compensation to which they are entitled, including interest thereon, and penalties subject to proof;

C.     An award to Plaintiff and Class Plaintiffs of reasonable attorney's fees and costs pursuant to the Pennsylvania Minimum Wage Act; and

D.     An award to Plaintiff and Class Plaintiffs for any other damages available to them under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By:    _/s/ Mary Kramer_____
       Mary Kramer Esquire
       Eight Penn Center, Suite 2000
       1628 John F. Kennedy Blvd.
       Philadelphia, PA 19103
       TEL: 267-273-1054
       FAX: 215-525-0210
       mkramer@phillyemploymentlawyer.com
       Attorney for Plaintiff

Dated:  January 4, 2023

16

## **DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to her potential claims and her claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.

# EXHIBIT A



**Careers**
Opportunities with the Philadelphia DAO

PRESS RELEASES    IN THE NEWS    VIDEOS    DOCUMENTS    EVENTS    READING ROOM    FOR THE COMMONWEALTH    | PH    🔍    

**Paralegal**

**Duties**

The Philadelphia District Attorney's Office is seeking paralegals to provide trial support to prosecutors. Responsibilities may include case preparation, communication with victims and witnesses, compilation of statistics, maintenance of records and files, legal research, document review and production and coordination with outside agencies. The District Attorney's Office provides an exciting alternative to employment at a private law firm.

**Qualifications**

All qualified applicants must have earned a bachelor's degree from an accredited university. Candidates must be organized, flexible and capable of working under pressure. Proficiency in Microsoft Office applications is desirable. The ability to develop and cultivate effective internal/external working relationships is essential, as is an understanding of the uniquely sensitive and confidential nature of the professional services provided by the Office.

**Benefits**

Paralegals are exempt employees with the City of Philadelphia. Immediately upon assuming office, Paralegals receive benefits similar to those of other City of Philadelphia employees, including a pension plan, sick leave, 11 paid holidays per year, four annual administrative leave days, 10 paid vacation days each year, a choice of medical insurance plans and a term life insurance policy. Additional Benefits available to qualified staff:

- Choice of medical insurance plans, including vision, prescription and dental coverage, which can be extended to spouse and eligible dependents;
- Employee Assistance Program (EAP);
- Optional supplemental life and ADD policies, including options for salary continuation benefit for survivors and dependent life coverage;
- Optional deferred compensation plan for retirement;
- Other options:
  - Membership in credit union
  - Health club membership discounts
  - Before tax commuter program
  - Health care flexible spending accounts
  - Dependent care flexible spending accounts
  - Critical illness insurance
  - Sick leave bonuses and exchanges

Applications will be active for one year from the date of receipt by the Office.

All exempt employees of the District Attorney's Office are at-will employees and serve at the pleasure of the District Attorney. The at-will relationship shall not be modified for any employee and no agreement, oral or written, shall be entered into that changes the at-will relationship.

*The Philadelphia District Attorney's Office is an Equal Opportunity Employer and does not discriminate on the basis of race, color, national origin, sexual orientation, gender, religion, age, genetic information or disability.*

Apply for this Position

Go back to the job list

powered by

