IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARYBELLE FAYAD, on behalf of herself and all others similarly situated, | : :  Civil Action No.: 2:23-cv-00032-JDW : |
| Plaintiff, | : : |
| v. | : JURY TRIAL DEMANDED : |
| CITY OF PHILADELPHIA, | : : |
| Defendant. | : |

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS
PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

On April 7, 2023, Plaintiff Marybelle Fayad ("Plaintiff") filed her Brief in Opposition to Defendant's Partial Motion to Dismiss Plaintiff's Complaint ("Pl. Opp."). (ECF No. 11.) Pursuant to this Court's rules, Defendant timely files this Reply Brief in Support of its Partial Motion to Dismiss. For the reasons set forth below and in Defendant's Brief in Support of its Partial Motion to Dismiss Plaintiff's Complaint ("Def. Brief") [ECF No. 10-1.], Defendant respectfully moves this Court to dismiss the Complaint for failure to state a claim upon which relief can be granted as to Count I with respect to claims that accrued prior to January 4, 2021, and as to Count II in its entirety.

    **A.**    **Count I of the Complaint Must be Dismissed as to Claims Accruing Prior to January 4, 2021, as Plaintiff Did Not Plausibly Plead a Willful FLSA Violation.**

Plaintiff opposes Defendant's Motion to Dismiss as it relates to Plaintiff's failure to plead a willful FLSA violation, however, in Plaintiff's Opposition, she points to no facts pled by her in the Complaint that could support ***more than an ordinary FLSA violation***. (Pl. Opp., pp. 3-4; Def. Brief, pp. 7-8.) Instead, Plaintiff dedicates her Opposition to explaining the legal definition of willfulness for purposes of the FLSA, pointing out that a defendant's awareness or reckless

indifference to its obligations under the FLSA can support a finding of willfulness. (Pl. Opp., p. 3.) There is no dispute that this is one way in which willfulness can be shown. However, Defendant's argument for dismissal remains unchallenged—***Plaintiff fails to identify any facts in the Complaint that would support a plausible finding of willfulness,*** whether that is shown through knowledge, awareness, or reckless indifference. In fact, Plaintiff all but explicitly admits in her Opposition that she has no basis at present to believe that Defendant's conduct was a reckless violation or a knowing violation of the FLSA. (Pl. Opp., p. 4.) Despite confirming that she currently has no evidence of knowledge or recklessness, Plaintiff believes that she can simply assert this claim without any factual predicate and (perhaps) find support for it later, while in the meantime gaining an extra year of discovery pertaining to individuals who may not even have claims within the statute of limitations. Permitting this type of pleading would effectively eliminate the requirements of Twombly and the standards of the Federal Rules of Civil Procedure. The default statute of limitations under the FLSA is two years, and a plaintiff bears the burden to establish a willful violation. Allowing a plaintiff to assert a willful violation without any factual basis, simply in the hope that discovery may uncover some support, would unfairly shift the burdens of discovery against every FLSA defendant. (See Def. Brief, pp. 7-8.) This is of even greater concern in class and collective FLSA litigation, where costs of discovery can impose significant pressures on a defendant, providing strategic leverage in favor of plaintiffs.

As Plaintiff has failed to assert sufficient facts to allow the court to draw a plausible inference that Defendant acted with willfulness, which requires more than an ordinary FLSA violation, Plaintiff's claims that accrued prior to January 4, 2021, must be dismissed.

### B.     Count II of the Complaint Must be Dismissed, as the PMWA Does Not Apply to Political Subdivisions of the Commonwealth.

The Pennsylvania Minimum Wage Act ("PMWA") has existed for over fifty years, yet Plaintiff has not—and cannot—cite to any contested case in which a court has held that a political subdivision falls within the PMWA's definition of "employer." Instead, Plaintiff exclusively relies—albeit inappropriately—on definitions contained in the Pennsylvania Statutory Construction Act ("SCA") in a meritless attempt to oppose Defendant's legal arguments to dismiss Plaintiff's PMWA claim. This District Court has, on multiple occasions, rejected the very same arguments raised by Plaintiff. What is more, none of Plaintiff's patchwork references to the SCA provide a basis from which it could reasonably be concluded that the PMWA applies to political subdivisions.

#### 1.   *Plaintiff's Argument Concerning the SCA's Definition of "Person" is Misguided.*

Because Plaintiff concedes that the PMWA's actual text does not include political subdivisions in its list of entities qualifying as employers, Plaintiff attempts to expand the PMWA's definition of a covered employer to include political subdivisions like Defendant through application of the SCA. Plaintiff's first attempt at doing so focuses on the portion of the PMWA's definition that includes as an employer "any person or group of persons acting, directly or indirectly, in the interest of an employer in relation to any employee." See 43 P.S. § 333.103(g). Specifically, Plaintiff argues that if Defendant is a "person" under the SCA, then it is an employer under the PMWA. (Pl. Opp., pp. 5-6.) This argument is flawed for several reasons. First, as an initial matter, this particular provision of the PMWA is not at all a "catch-all" provision as Plaintiff labels it. To the contrary, this phrase does not capture "all persons" or "persons generally," but rather reaches only those "***persons acting, directly or indirectly, in the***

3

*interest of an employer*." See 43 P.S. § 333.103(g) (emphasis added).  This phrase exists to establish conspirator liability for individuals aiding and abetting a violation of the PMWA by an "employer" covered by the PMWA.  See Scholly v.JMK Plastering, Inc., No. 07-4998, 2008 WL 2579729, at *4 (E.D. Pa. June 25, 2008).  What is more, even if the term "person" in the PMWA were to be replaced with the "City of Philadelphia," the PMWA would actually provide that the City of Philadelphia would be a covered employer only if it were acting, directly or indirectly, in the interest of "any individual, partnership, association, corporation, business trust."  Therefore, Plaintiff's argument that Defendant is an employer under the PMWA is fundamentally flawed, because even if the term "person" in the PMWA could encompass the City of Philadelphia, the City would only be covered by the PMWA if it were aiding and abetting a violation of the PMWA by a covered private sector entity delineated as an employer in the PMWA.

Even ignoring the obvious flaws in the logic of Plaintiff's argument, Plaintiff's attempt to graft the SCA's definition of "person" on to the PMWA's use of the term "person" [Pl. Opp., p. 6.] has been considered and rejected *twice* by this District Court, as an SCA definition only applies where a statute's context does not indicate otherwise.  As such, Defendant does not misinterpret or misunderstand the SCA's definition of "person," as Plaintiff claims.  (Def. Brief, p. 10-11.) (citing Morrow v. Cty. of Montgomery, No. 13-1032, 2014 WL 348625, 2014 U.S. Dist. LEXIS 13093, (E.D. Pa. Jan. 31, 2014) and McKinney v. Chester Cty., No. 20-1756, 2021 WL 409975, 2021 U.S. Dist. LEXIS 22068, (E.D. Pa. Feb. 5, 2021)).  Instead, Defendant argues, with support from McKinney and Morrow, that the SCA's definition of "person," and any case law interpretations of the same, simply *do not apply* to the PMWA as is clear from the context of the statutory text.

For the foregoing reasons, the SCA's definition of "person" does nothing to extend the PMWA's definition of employer to Defendant because the language of the PMWA limits coverage to persons *acting in the interests of an employer* and because the SCA's definition of "person" does not apply to the PMWA in the first instance.

### 2. Plaintiff's Argument Concerning the SCA's Definition of "Municipal Corporation" Fails Because that Term is Not Used in the PMWA.

Plaintiff next attempts to read political subdivisions into the PMWA's definition of employer by pointing to another SCA definition—this time, the definition for "municipal corporation." (Pl. Opp., p. 7.) However, the SCA definition of "municipal corporation" does nothing to further Plaintiff's argument, as the PMWA itself does not use the term "municipal corporation," and political subdivisions are not captured by the PMWA's use of the word "corporation."

Plaintiff claims that "Defendant is a municipal corporation as defined by the SCA, and because corporations are included in the PMWA's definition of employer, Defendant is an employer." (Pl. Opp., p. 7.). Significantly, the defined term "municipal corporation" appears *nowhere* in the PMWA's definition, and therefore, whether Defendant is a "municipal corporation" as that term is defined by the SCA is completely irrelevant. Indeed, the SCA states "*[t]he following words and phrases, when used in any statute*…shall have the meanings given to them in this section[.]" 1 Pa. Cons. Stat. Ann. § 1991. It follows, therefore, that the legislature would have had to include the defined term "municipal corporation" in the PMWA's definition of an employer in order to arguably capture Defendant as a covered employer. Yet, the term "municipal corporation" was not used in the PMWA, and, in contrast, the PMWA explicitly uses the term "corporation" in its definition of employer. See 43 P.S. § 333.103(g). In fact, the legislature's choice of the term "corporation" as opposed to "municipal corporation," knowing

5

that the latter was a defined term by the SCA, arguably confirms a legislative intent to exclude political subdivisions such as the City of Philadelphia from coverage under the PMWA.

Plaintiff's attempts to expand the PMWA's definition of employer by relying on various general definitions in the SCA simply falls apart under basic factual and legal scrutiny.

### C. Conclusion.

For the reasons set forth above and in Defendant's Brief in Support of its Motion to Dismiss, Defendant respectfully requests that the Court grant its Partial Motion to Dismiss, dismiss Count I of Plaintiff's Complaint with respect to those claims that accrued prior to January 4, 2021, and dismiss Count II of Plaintiff's Complaint with prejudice.

Respectfully submitted,

*/s/ Michael D. Jones*
Michael D. Jones PA ID 65540
Laura A. Cottington PA ID 328831
Eckert Seamans Cherin & Mellott, LLC
50 South 16th Street, 22nd Floor
Philadelphia, PA 19102
215-851-8461
mdjones@eckertseamans.com
lcottington@eckertseamans.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I, Michael D. Jones, do hereby certify that a true and correct copy of the foregoing Defendant's Reply Brief in Support of its Partial Motion to Dismiss Plaintiff's Complaint has been served upon Plaintiff's counsel by way of electronic mail as follows:

Mary Kramer
Eight Penn Center, Suite 2000
1628 JFK Blvd.
Philadelphia, PA 19103
mkramer@phillyemploymentlawyer.com

*Attorney for Plaintiff*

<u>/s/ Michael D. Jones</u>