# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **MARYBELLE FAYAD, on behalf of herself and all others similarly situated,**<br><br>*Plaintiff,*<br><br>v.<br><br>**CITY OF PHILADELPHIA,**<br><br>*Defendant.* | **Case No. 2:23-cv-00032-JDW** |

## <u>MEMORANDUM</u>

"When the express terms of a statute give us one answer and extratextual considerations suggest another, it's no contest." *Bostock v. Clayton Cnty., Georgia*, 140 S. Ct. 1731, 1737 (2020). Here, there is no contest between the plain language of the Pennsylvania Minimum Wage Act ("PMWA") and the extraneous materials on which the City of Philadelphia relies. The PMWA makes clear that corporations—including municipal corporations like the City—are employers subject to the statute. As a result, Marybelle Fayad can bring suit against the City for alleged violations of the PMWA, and I will not dismiss those claims. However, because Ms. Fayad's allegations of willfulness are conclusory in nature, I will dismiss some of her claims arising under the Fair Labor Standards Act.

## I.      BACKGROUND

Ms. Fayad has worked for the City of Philadelphia as a paralegal in the District Attorney's Office since January of 2019. According to the Complaint, the City considers paralegals to be "exempt" employees for purposes of the FLSA and PMWA. As a result, it does not pay paralegals like Ms. Fayad for any hours worked beyond 40 hours in a workweek, which Ms. Fayad alleges that she and other paralegals do on a regular basis. She also contends that the City has misclassified her and her colleagues as "exempt," and, as a result, the City has violated federal and state wage laws.

Ms. Fayad filed suit against the City on January 4, 2023. In a partial motion to dismiss, the City seeks to dismiss any of Ms. Fayad's FLSA claims that accrued more than 2 years prior to the date she filed her Complaint. It also seeks dismissal of her claims arising under the PMWA, as it contends that it is not an employer subject to that statute. The City's motion is ripe for disposition.

## II.     LEGAL STANDARD

A district court may dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Rather than require detailed pleadings, the "Rules demand only a short and plain statement of the claim showing that the pleader is entitled to relief[.]" *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (quotation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.*

(same). In determining whether a claim is plausible, the court must "draw on its judicial experience and common sense." *Id.* at 786-87 (same). First, the court must identify the elements needed to set forth a particular claim. *Id.* at 787. Second, the court should identify conclusory allegations, such as legal conclusions, that are not entitled to the presumption of truth. *Id.* Third, with respect to well-pleaded factual allegations, the court should accept those allegations as true and "determine whether they plausibly give rise to an entitlement to relief." *Id.* (quotation omitted). The court must "construe those truths in the light most favorable to the plaintiff, and then draw all reasonable inferences from them." *Id.* at 790 (citation omitted).

## III.    DISCUSSION

### A.    FLSA Claims

In general, plaintiffs have two years to assert claims under the FLSA, but the statute extends to three years if a plaintiff's claim is based on a willful violation. *See* 29 U.S.C. § 255(a). In this case, Ms. Fayad cannot proceed with any FLSA claims that accrued prior to January 4, 2021, because she has not pled any facts that make it plausible that the City committed a willful violation of the FLSA. Instead, she asserts a single, barebones allegation that the City's "actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions." (ECF No. 1 at ¶ 73.) However, "[i]t is the facts, not the legal conclusions, which determine viability of a claim ...." *Cunningham v. Freedom Ford Sales, Inc.*, No. 06-cv-205, 2007 WL 2404739, at *7 (W.D. Pa. Aug. 17, 2007); *see also*

*Robinson v. Pottstown Area Rapid Transit, Inc.*, No. 22-cv-655, 2022 WL 4291333, at *5 (E.D. Pa. Sept. 16, 2022) ("Plaintiffs plead that 'Defendants' conduct was knowing, willful, reckless and/or objectively unreasonable,' which is conclusory.") Ms. Fayad's allegation is a conclusory assertion, not a factual pleading.

Other judges have dismissed claims for willful violations of the FLSA in the face of similar conclusory allegations. *See, e.g.*, *Lincoln v. Apex Hum. Servs. LLC*, No. 22-cv-341, 2022 WL 2356775, at *3 (E.D. Pa. June 29, 2022); *Livers v. Nat'l Collegiate Athletic Ass'n*, No. 17-cv-4271, 2018 WL 2291027, at *8 (E.D. Pa. May 17, 2018); *Everett v. Maternal Child Consortium, LLC*, No. 18-cv-746, 2018 WL 3374763, at *4 (E.D. Pa. July 10, 2018); *Deeley v. Genesis Healthcare Corp.*, No. 10-cv-1242, 2011 WL 3240828, at *4 (E.D. Pa. July 29, 2011). Absent any supporting facts that make an allegation of willful conduct plausible, Ms. Fayad cannot pursue FLSA claims that accrued before January 4, 2021. If, however, Ms. Fayad learns something in discovery that gives her a good faith basis to allege willfulness, then she can seek leave to amend her Complaint at that point.

### B. PMWA Claims

Ms. Fayad may pursue her claims against the City under the PMWA because the City is a municipal corporation and, therefore, qualifies as an "employer" under the statute. The PMWA defines an "employer" as "any individual, partnership, association, corporation, business trust, or any person or group of persons acting, directly or indirectly, in the

interest of an employer in relation to any employee." 43 P.S. § 333.103(g) Whether the City

qualifies as an employer is a matter of statutory interpretation.

Pennsylvania law recognizes the City of Philadelphia as a municipal corporation.

*See Com., Dep't of Gen. Servs. v. Ogontz Area Neighbors Ass'n*, 483 A.2d 448, 451 (Pa.

1984) ("Philadelphia is a municipal corporation[.]"); 53 Pa. Stat. Ann. §§ 16252, 16255. The

City does not mount a colorable argument to the contrary. Instead, it relies on the

Statutory Construction Act's definition of "political subdivision," but that provision does

not apply. By its terms, the definition section of the Act applies when a word or phrase is

"**used** in any statute finally enacted on or after September 1, 1937[.]" 1 Pa. C.S.A. § 1991

(emphasis added). The PMWA does not use the term "political subdivision" in the

definition of "employer," the larger definition section, or in any other section of the statute,

so the Statutory Construction Act's definition of "political subdivision" does not apply. In

any event, even if the City were a "political subdivision" as defined by the Act, the City

offers no explanation as to why it cannot be both a "political subdivision" and a "municipal

corporation." Indeed, both terms include cities. *See* 1 Pa. C.S.A. § 1991 (defining "political

subdivision" to include "[a]ny … city" and defining "municipal corporation" to include "a

city"). The relevant question, then, is whether municipal corporations qualify as employers

under the PMWA.

Pennsylvania's Statutory Construction Act "dictate[s] explicit considerations …

regarding how to discern . . . statutory intent." *Nicole B. v. Sch. Dist. of Philadelphia*, 237

A.3d 986, 994 (Pa. 2020). According to the Act, "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S.A. § 1921(b). "Thus, when the words of a statute have a plain and unambiguous meaning, it is this meaning which is the paramount indicator of legislative intent." *Nicole B.*, 237 A.3d at 994. This statutory provision is consistent with the "cardinal canon of statutory interpretation that a court must begin with the statutory language." *In re Philadelphia Newspapers, LLC*, 599 F.3d 298, 304 (3d Cir. 2010). "When the words of a statute are unambiguous, then this first canon is also the last: judicial inquiry is complete." *Id.* (quoting *Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 254 (1992)). A statutory term is ambiguous if it "has at least two reasonable interpretations" "when read in context with the overall statutory framework in which it appears[.]" *Nicole B.*, 237 A.3d at 997 (citation omitted). Only then——upon a finding of ambiguity——do I need to turn to canons of statutory interpretation to discern legislative intent. *See Com. v. Fithian*, 961 A.2d 66, 74 (Pa. 2008) ("[O]nly when the words of a statute are ambiguous should a court seek to ascertain the intent of the General Assembly through consideration of statutory construction factors ....").

Where, as here, a statute does not define a term, the Statutory Construction Act requires that "[w]ords and phrases shall be construed according to rules of grammar and according to their common and approved usage ...." 1 Pa. C.S.A. § 1903(a). Courts may look to dictionary definitions to determine a word's common meaning. *See, e.g., Siciliano*

*v. Mueller*, 149 A.3d 863, 865 (Pa. Super. Ct. 2016). In 1968, when the General Assembly enacted the PMWA, the General Assembly knew that municipal corporations were one species of corporations. For example, *Black's Law Dictionary* at the time defined a "corporation" as:

> An artificial person or legal entity created by or under the authority of the laws of a state or nation, ... ordinarily consisting of an association of numerous individuals, who subsist as a body politic under a special denomination, which is regarded in law as having a personality and existence distinct from that of its several members, and which is, by the same authority, vested with the capacity of continuous succession, irrespective of changes in its membership, either in perpetuity or for a limited term of years, and of acting as a unit or single individual in matters relating to the common purpose of the association, within the scope of the powers and authorities conferred upon such bodies by law.

*Black's Law Dictionary*, Corporation, 409 (4th ed. 1968). In addition, *Black's* made clear at the time that corporations could be public or private, "[a]ccording to the accepted definitions and rules." *Id.* Likewise, five years before the PMWA took effect, at least one Pennsylvania jurist reasoned that "the usual and commonly understood meaning of the word 'corporation' includes municipal corporations[.]" *Gingrich v. City of Lebanon*, 32 Pa. D. & C.2d 726, 729 (Pa. Com. Pl. 1963). All of this tells me that the General Assembly knew about municipal corporations but decided to use a broad term that included them in its sweep when it adopted the PMWA. Therefore, I have little trouble concluding that the plain and ordinary meaning of "corporation" is broad enough to include municipal corporations.

The City offers no analysis as to why it should not qualify as a corporation under the PMWA. Instead, it relies on cases involving *counties* that courts held were not municipal corporations, making those cases inapposite. *See McKinney v. Chester Cnty.*, No. 20-cv-1756, 2021 WL 409975 (E.D. Pa. Feb. 5, 2021); *Morrow v. Cnty. of Montgomery, Pa.*, No. 13-cv-1032, 2014 WL 348625 (E.D. Pa. Jan. 31, 2014). Because the counties were not deemed to be municipal corporations, the judges in those cases had no reason to perform their own statutory analysis as to whether the definition of "employer" encompassed municipal corporations as a type of corporation.

I am also not persuaded by cases interpreting a similar provision of Pennsylvania's Wage Payment and Collection Law ("WPCL") that conclude that municipal corporations are not "employers" subject to the statute. Like the PMWA, the WPCL defines an "employer" to include corporations. *See* 43 P.S. § 260.2a. Critically, none of those cases analyzes the relevant statutory text, *i.e.* the term "corporation," to determine whether it includes a municipal corporation.

The holdings in those cases stemmed from a state appellate court's assumption in *Huffman* and *Porter* that the term "corporation" refers to private corporations only. *See Huffman v. Borough of Millvale*, 591 A.2d 1137, 1139 (Pa. Cmwlth. Ct. 1991); *Porter ex rel. Philipsburg-Osceola Educ. Ass'n v. Philipsburg-Osceola Area Sch. Dist.*, 633 A.2d 220, 223 (Pa. Cmwlth. Ct. 1993). Respectfully, the appellate court did not offer any explanation for its assumption, and I can't find a basis for it in the PMWA's text, given the broad meaning

of the term "corporation" at the time the General Assembly passed the statute. While it might be true that "[t]here is a clear distinction between municipal and private corporations[,]" *Huffman*, 591 A.2d at 1139, the fact that there is a such distinction does not mean that a municipal corporation is not a corporation.

The express text of the statute does not draw a distinction between public and private corporations, and I cannot go beyond the statute's unambiguous meaning to insert one. When a legislature uses a broad term, I must assume it intended the broad sweep that the word or phrase conveys. *See, e.g.*, *K.A. v. Att'y Gen. of U.S.*, 997 F.3d 99, 106-07 (3d Cir. 2021). Indeed, "[t]he people are entitled to rely on the law as written, without fearing that courts might disregard its plain terms based on some extratextual consideration." *Bostock*, 140 S. Ct. at 1749. If the General Assembly wants to exclude municipal corporations from the definition of "employer" in the PMWA, then it can amend the statute to make that distinction clear. That is not my role. "If judges could add to, remodel, update, or detract from old statutory terms inspired only by extratextual sources and our own imaginations, we would risk amending statutes outside the legislative process reserved for the people's representatives." *Id.* at 1738. Because the term "corporation" is unambiguous as to whether it includes municipal corporations, the statutory analysis is complete, and I cannot consider extraneous materials, policy arguments, or turn to other canons of construction. *See Fithian*, 961 A.2d at 74.

Given all this, I am not persuaded by the cases on which the City relies, and I predict that the Supreme Court of Pennsylvania would determine that a municipal corporation is a corporation that is an employer subject to the PMWA. Doing so ensures that employers like the City do not short their employees minimum wages. Because the City is a corporation, it qualifies as an "employer" under the PMWA, and I will not dismiss Ms. Fayad's PMWA claims.

## IV.      CONCLUSION

Ms. Fayad has not pled any facts that make it plausible that the City committed willful violations of the FLSA, so any claims arising before January 4, 2021 will be dismissed. However, Ms. Fayad may assert claims against the City for alleged violations of the PMWA because it is subject to that statute as an employer. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

April 14, 2023